UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marlon Joe Lewis,

Petitioner,

vs.

Constance Reese,
Warden FMC-Roc.,

Respondent.

Civil File No. 01-450 MJD/FLN

**REPORT AND RECOMMENDATION**

---

Petitioner, pro se.
Mary Benning and Lonnie Bryan for Respondent.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner's Application for Habeas Corpus Relief pursuant to 28 U.S.C. § 2241 [#1]. Petitioner is an unsentenced federal prisoner, committed by the Western District of Missouri to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. Petitioner challenges his continued confinement and seeks release from his commitment. For the reasons discussed below, this Court recommends that the Petition for Writ of Habeas Corpus be denied.

## I. BACKGROUND

In 1984, Petitioner was arrested and charged with bank robbery. (Resp't's Mem in Opp'n to Pet. For Writ of Habeas Corpus ("Resp't's Mem Opp'n"), Ex. 2). The District Court for the Western District of Missouri determined that Petitioner was so mentally incompetent as to be unable to understand the proceedings against him or to properly assist in his own defense. (Id.) Petitioner was thereafter committed for a series of competency examinations as provided for in



FILED JUL 18 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

18 U.S.C. § 4244.[1] (Id.) In May 1987, Petitioner was committed to the custody of the Attorney General pursuant to 18 U.S.C. §§ 4241(d), 4244, and 4245 for hospitalization and treatment. (Resp't's Mem Opp'n at 1.)

In October 1989, the Government filed a petition to determine Petitioner's present mental condition. (Id. at 2.) On March 15, 1990, the District Court for the Western District of Missouri concluded that Petitioner suffered from a mental disease or defect and required custodial treatment in a suitable facility for the purpose of care and treatment. (Id.) Because appropriate state placement was not available, Petitioner was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. (Id.)

Petitioner appealed the decision of the District Court, alleging the court applied the wrong standard of proof and erroneously found Petitioner suffered from a mental disease or defect. See United States v. Lewis, 929 F.2d 440, 441 (8th Cir. 1991) (per curiam). The commitment order was upheld on appeal. (Id. at 442.) The Appeals Court determined that unanimous expert opinions supported a finding of mental disease or defect, and that such finding was established by clear and convincing evidence, in accordance with 18 U.S.C. § 4246(d). (Id.)

Petitioner has filed nine habeas corpus petitions since 1994.[2] (Resp't's Mem Opp'n at 4.) Several of these petitions were dismissed without prejudice after Petitioner filed motions to

---

[1] On March 29, 1984, Petitioner was committed to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri, for a sixty day study pursuant to 18 U.S.C. § 4244. His commitment was extended an additional sixty days on August 9, 1984, and again on December 21, 1984, pursuant to 18 U.S.C. §4241(d).

[2] Petitions for writs of habeas corpus were filed on June 1, 1994; November 15, 1995; November 21, 1997; January 8, 1998; April 30, 1998; June 15, 1998; November 12, 1998; January 21, 1999; and March 24, 1999.

dismiss his own claims on the grounds that they were frivolous or not yet ripe.[3] (Id.) The remaining petitions were also dismissed without prejudice.[4] (Id.)

On February 27, 2001, Petitioner filed his current application for federal habeas corpus relief under 28 U.S.C. § 2241. This petition lists six grounds for relief: (1) the United States government failed to state with particularity the persons to whom Petitioner poses a danger; (2) the United States government failed to state with particularity the reasons why it held Petitioner to be mentally ill; (3) violation of Petitioner's due process rights as guaranteed by the Fifth Amendment; (4) violation of Petitioner's Sixth Amendment rights; (5) violation of Petitioner's Seventh Amendment rights; and (6) Conspiracy to falsely imprison a CIA operative and an Officer of the United States Air Force.

## II. DISCUSSION

### A. Petitioner Is Properly Committed.

Petitioner claims his constitutional rights were violated when he was sentenced to prison without benefit of a jury trial or due process of law. Petitioner was committed to the custody of the Attorney General under 18 U.S.C. §4246. Section 4246 provides for indefinite hospitalization of a person who is due for release but who, as a result of mental illness, poses a significant danger to the general public. See United States v. S.A., 129 F.3d 995, 998 (8th Cir.

---

[3] Petitioner moved to dismiss those petitions filed on November 15, 1995; November 21, 1997; January 8, 1998; April 30, 1998; June 15, 1998; and March 24, 1999.

[4] The petitions filed on June 1, 1994, November 12, 1998, and January 21, 1999 were dismissed without prejudice. Although there is some ambiguity as to whether the petition filed on January 21, 1999, was dismissed with or without prejudice, it appears from the text of the Report and Recommendation that the petition was dismissed without prejudice. (Resp't's Mem Opp'n at 4).

1997), citing United States v. Steil, 916 F.2d 485, 487 (8th Cir. 1990).[5] The district court held, and the Court of Appeals affirmed, that Petitioner suffered from a mental disease or defect and that his release could pose a substantial risk of bodily injury to another. See United States v. Lewis, 929 F.2d 440, 442 (8th Cir. 1991). Petitioner is therefore properly committed for mental health care and treatment pursuant to 28 U.S.C. § 4246. (Id.)

Although a prisoner's commitment is indefinite, the director at the facility where he or she is hospitalized must submit an annual report to the district court concerning the prisoner's mental condition and continued need for hospitalization. See 18 U.S.C. 4247(e)(B). If the director determines the prisoner is no longer dangerous, then the court must either immediately order the prisoner's release, or hold a hearing at which the prisoner may show by a preponderance of the evidence that he is entitled to release. See United States v. Evanhoff, 10 F.3d 559, 563 (8th Cir. 1993). To date, the Western District of Missouri has not found Petitioner eligible. (Resp't's Mem Opp'n at 4.) Instead, reports issued by the committing court find that Petitioner continues to require hospitalization and treatment of his mental illness. (Id.).

## B. The Court Lacks Jurisdiction Over Petitioner's Claim.

### 1. Petitioner's action is improperly filed under 28 U.S.C. § 2241.

Petitioner challenges the legality of his sentence and seeks release from his commitment. A prisoner who seeks release from the custody of the Attorney General must file with the committing court a "Motion for Review of Commitment Order" to determine whether he or she

---

[5] Section 4246 provides that persons suffering from a mental disease or defect may be hospitalized for treatment in a suitable facility until such time as the person's medical condition is such that he or she no longer poses a substantial risk of bodily injury to another person or to the property of another. See 18 U.S.C. § 4246(d).

should be discharged from the facility. See 28 U.S.C. § 4247(h)[6]. See e.g., United States v. McAllister, 225 F.3d 982, 985 (8th Cir. 2000). The Petitioner bears the burden of initiating these proceedings. (Id. at 985.) Additionally, this motion must be made with the court that ordered the commitment. See 28 U.S.C. § 4247(h). There is no evidence to suggest that Petitioner has attempted to file a 28 U.S.C. § 4247(h) motion with the Western District of Missouri.

Commitment under § 4246 does not preclude a prisoner from likewise petitioning for a writ of habeas corpus. See 28 U.S.C. § 4247(g). A federal prisoner claiming the right to be released upon the grounds that the sentence was imposed in violation of the Constitution or the laws of the United States may move the court which imposed the sentence to vacate, set aside or correct the sentence. See 28 U.S.C. § 2255 (2000).

It is well-settled that a federal prisoner who seeks to challenge the validity of his sentence may do so only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

A motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner challenging the legality of his sentence. No court has jurisdiction to hear a challenge under 28 U.S.C. § 2241 unless the petitioner has affirmatively demonstrated that the

---

[6] 28 U.S.C. § 4247(h) states:

> [C]ounsel for the person or his legal guardian may, at any time during such person's hospitalization, file with the court that ordered the commitment a motion for hearing to determine whether the person should be discharged from such facility.

remedy provided by § 2255 is "inadequate or ineffective to test the legality of...[his] detention." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986); see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983).

The instant Petitioner challenges the legality of his sentence, and his petition is therefore subject to the exclusive remedy rule in § 2255. See Alveras v. Snyder, 205 F.3d 1344 (8th Cir. 1999). Petitioner has not yet filed a § 2255 motion in the Western District of Missouri.[7] Petitioner therefore bears the burden of demonstrating that the remedy provided by the sentencing court would be ineffective or inadequate. See United States v. Lurie, 207 F.3d 1075, 1078 (8th Cir. 2000), citing DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986); see also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam). He may not claim ineffectiveness of motion until he has successfully attempted to gain relief in the sentencing court by means of a § 2255 petition. See DeSimone, 805 F.2d at 324. Petitioner fails to demonstrate that a proper § 2255 motion, if filed in the Western District of Missouri, would provide him ineffective or inadequate relief. Petitioner is therefore barred from raising these claims in a petition brought under § 2241.

The committing court retains jurisdiction over the continued validity of Petitioner's commitment, whether a petition is brought as a motion to vacate pursuant to § 2255, or as a motion to discharge under § 4247(h). If Petitioner challenges either the initial commitment order or his continued confinement as unconstitutional, the appropriate venue is the Western District of Missouri. There is no evidence on record to suggest that Petitioner has filed either motion with

[7] Petitioner claims to have filed a motion to vacate sentence under 28 U.S.C. § 2255. However, a search of the record reveals no evidence of such a motion.

that court. As such, this Court lacks the jurisdiction to hear Petitioner's instant application.

**2. Petitioner failed to exhaust administrative remedies.**

Even assuming this application for habeas corpus relief was properly before the Court, Petitioner's claims must fail because he has failed to exhaust all administrative remedies. Administrative exhaustion is required prior to filing a petition for writ of habeas corpus challenging length or duration of a sentence or the conditions of confinement. See United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000), see also Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993), citing Leighnor v. Turner, 884 F.2d 385, 387 (8th Cir. 1989). There is some evidence to suggest that Petitioner began the process of resolving his disputes within the Bureau of Prisons. ("BOP"). Specifically, Petitioner has filed two requests for administrative review, both of which were denied.[8] (Resp't's Mem Opp'n at 3.) However, Petitioner has not yet appealed those denials to the regional or central office of the BOP–a necessary prerequisite to administrative exhaustion. Petitioner further admits on his application for habeas corpus relief that he has not exhausted such remedies. (Id.) Because Petitioner has failed to exhaust administrative remedies, his instant petition is not properly before the Court.

**3. Petitioner's claim is barred by *res judicata.***

Even if this Court had jurisdiction and Petitioner had exhausted all administrative remedies, Petitioner's instant action is further barred by the principle of *res judicata*. Petitioner's claims in the instant petition are factually identical to claims previously adjudicated. Although

[8] Petitioner requested release from the BOP or halfway house placement on November 16, 1999, which was denied on November 24, 1999; he also sought suspension of his §4246 commitment on February 22, 2000, which was denied March 8, 2000.

his earlier petitions for habeas corpus relief were dismissed without prejudice–and therefore preclude any *res judicata* effect–these issues were previously litigated in court. See Lewis, 929 F.2d at 440. Petitioner's main contention, for example, is that his commitment is invalid. However, the Court of Appeals in Lewis upheld the lower court's finding that Petitioner suffered from a mental disease or defect, as a result of which his release could pose a substantial risk of bodily injury to the person or property of another. (Id. at 442.) This conclusion was bolstered by unanimous expert opinion, including that of a court-appointed independent expert. (Id.) To the extent that Petitioner's claims are duplicative of those already adjudicated, they are barred from reconsideration here under the doctrine of *res judicata*.

## III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Application for Habeas Corpus relief [#1] be **DISMISSED WITHOUT PREJUDICE.**

DATED: July 17, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Lo cal Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.