UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marlon Joe Lewis,

Petitioner,

vs.

Constance Reese,
Warden FMC-Roc.,

Respondent.

Civil File No. 01-450 MJD/FLN

**ORDER**

---

Petitioner, pro se.
Mary Benning and Lonnie Bryan for Respondent.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner's Motion for Appointment of Counsel [Docket No. 7]. Petitioner is an unsentenced federal prisoner, committed by the Western District of Missouri to the custody of the Attorney General pursuant to 18 U.S.C. § 4246.

28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, indigent prisoners do not have a constitutional or statutory right to counsel in civil cases, including civil rights cases. See Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). Rather, the appointment of counsel in such cases is a matter committed to the discretion of the trial court. See Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982); In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986).

Among the factors the court will consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the plaintiff to present his claims, the complexity of

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the legal issues and whether both the plaintiff and the court would benefit from representation by counsel for both parties. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Petitioner has the threshold ability to articulate his claims and to argue his positions and is therefore capable of self-representation. Moreover, the Court concludes that appointment of counsel would not substantially benefit the Court or Petitioner. Therefore, his present Motion for Appointment of Counsel will also be denied.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel, [Docket No 7], is **DENIED.**

Dated: July 20, 2001

Franklin L Noel
FRANKLIN L. NOEL
Chief Magistrate Judge.

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500